WIGGINS, Justice
(dissenting).
The interpretation of section 613.18 the majority adopts does not reflect the intent of the legislature. ■ In interpreting a statute, we observe the following rules:
The goal of statutory construction is to determine legislative intent. We determine legislative intent from the' words chosen by the legislature, not what it should or might have said. Absent a statutory definition or an established meaning in the law, words, in the statute are given their ordinary and common meaning by considering the context within which they are used. Under the guise of construction, an interpreting body may not extend, enlarge or otherwise change the meaning of a statute.
Auen v. Alcoholic Beverages Div., 679 N.W.2d 586, 590 (Iowa 2004) (citations omitted).
The statute in question provides,
A person who is not the assembler, designer, of manufacturer, and who wholesales, retails, distributes, or otherwise sells a product is:
a. Immune from any suit based upon strict liability in tort or breach of implied warranty of merchantability which arises solely from an alleged defect in the original design or manufacture of the product.
b. Not liable for damages based upon strict liability in tort or breach of implied warranty of merchantability for the product upon proof that the manufacturer is subject to the jurisdiction of the courts of this state and has not been judicially declared insolvent.
Iowa Code § 613.18(1) (2009).
Section 613.18 is not ambiguous; rather, its plain language precludes courts awarding any damages in suits based on strict liability or breach of implied warranty brought against nonmanufacturers due to alleged design or manufacturing defects. Had the legislature intended to extend immunity to nonmanufaeturers in suits based on strict liability or breach of implied warranty unless an alleged defect resulted in purely economic losses, it could have done so by adding additional language to section 613.18. Instead, the legislature enacted a bill that created broad statutory immunity from such claims for nonmanufacturers and contained no language limiting that immunity based on the damages claimed. The majority opinion ignores the meaning of the plain language of the statute to eliminate immunity for nonmanufacturers in strict liability and breach of implied warranty suits involving purely economic losses. Because the plain language clearly precludes recovery regardless of what damages are claimed, we cannot ignore it to fashion a remedy.
Moreover, the legislative history of section 613.18 clearly demonstrates that, under a proper interpretation of the statute, nonmanufacturers are not liable for any damages in suits alleging strict liability or breach of implied warranty based on alleged design or manufacturing defects in products, they did not design or manufacture. As early as 1970, we established the principle that a person may collect purely economic damages in suits for breach of an implied warranty under the Uniform Com *224 mercial Code.[6] W & W Livestock Enters., Inc. v. Dennler, 179 N.W.2d 484, 488 (Iowa 1970). Thus, by 1986 when the legislature enacted section 613.18, it was well-settled law that purely economic losses were recoverable as damages in breach of warranty suits. This fact indicates we should not interpret section 613.18 to limit nonmanu-facturers’ statutory immunity in breach of implied warranty suits involving defective products they did not design or manufacture to cases in which the alleged defect caused property damage or personal injury.
The title of the bill the legislature enacted in 1986 clearly indicated the provision to be codified at section 613.18 was intended to “limit[ ] the liability of nonmanufac-turers for claims based upon strict liability in tort or , breach of implied warranty.” 5.F. 2265, 71st G.A., 2nd Sess. (Iowa 1986). The attached bill explanation made clear that if the bill passed, nonmanufacturers would be “liable for damages ... only where the original manufacturer is not subject to service or has been judicially declared insolvent” in suits for damages in strict liability or breach of implied warranty suits based solely on alleged design or manufacturing defects in a product. Id. explanation.
Though the legislature knew Iowa recognized breach of implied warranty as a viable cause of action in cases involving purely economic losses, it enacted a bill granting broad statutory immunity from breach of implied warranty claims to non-manufacturers. The bill plainly did not contain an exception to that statutory immunity for breach of implied warranty claims resulting in purely economic losses. Even the Code editor recognized the legislature’s enactment of section 613.18 unambiguously limited claims for breach of implied warranty against nonmanufacturing merchants. Thus, the Code editor added a note to the 1987 Code following section 554.2314 indicating section 613.18 constituted a “Limitation” on the availability of breach of implied warranty claims provided for in that section. Iowa Code § 554.2314 (1987).
The note indicating section 613.18 constitutes a “Limitation” on the scope of claims available under section 554.2314 has appeared in every subsequent edition of the Code. See Iowa Code § 554.2314 (2015). Yet the legislature has not acted. Surely, if the legislature thought the Code editor incorrectly interpreted section 613.18to limit the scope of claims that may be brought under section 554.2314, it would have enacted clarifying legislation by now.
The majority asserts interpreting section 613.18(l)(a) to grant nonmanufactur-ers complete immunity from suit in manufacturing and design defect cases would impliedly repeal the cause of action afforded against sellers under section 554.2314. However, the majority does not deny the legislature’s subsequent passage of section 613.18was intended to limit the cause of action provided for in section 554.2314. This dispute. concerns the scope of that limit. The majority has grafted a limiting principle onto section 613.18(l)(a) that has no basis in the text of either section 613.18 or section 554.2314.
In contrast, my interpretation of section 613.18gives the words the legislature adopted in that section their clearly intended effect. Section 613.18(l)(a) grants nonmanufacturers immunity from strict liability and breach of warranty claims aris- *225 mg due to product defects. Iowa Code § 613.18(l)(a). Section 613.18(l)(b) clarifies that a nonmanufacturer may conclusively establish it is not liable .for damages when such claims are brought against it by proving the courts of this state have jurisdiction over the product manufacturer and the product manufacturer has not been declared insolvent. Id. § 613.18(1)(6). Section 554.2314 permits breach of warranty claims not premised on product defects against nonmanufacturing merchant sellers. Unlike the interpretation adopted by the majority, this interpretation gives effect to section 554.2314 without grafting an arbitrary limit onto the plain language of section 613.18.
Under a proper interpretation of section 613.18(1), Des Moines Flying Service is not liable for any damages for breach of implied warranty based on the alleged manufacturing defect in the windshield it did not manufacture, including damages based on purely economic loss. The majority has narrowed the statutory immunity that section 613.18 grants nonmanufacturers in claims based on design or manufacturing defects by crafting an exception to it. Had the legislature intended to create such narrow statutory immunity for nonmanufac-turers, it could have done so. However, the statutory text provides no indication that was its intent. I cannot agree with the majority’s reasoning or its conclusion. Therefore, I dissent.
MANSFIELD and ZAGER, JJ., join this dissent.

. The legislature refers to chapter 554 as the Uniform Commercial Code. Iowa Code § 554.1101.